# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**OSSIE LUCY BB, JR.,**
**D.O.C. # 093605,**

    Plaintiff,

vs.                                                           Case No. 4:19cv602-WS-CAS

**MS. HAND, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner proceeding pro se, initiated this case in December 2019 by submitting a civil rights complaint, ECF No. 1, and in forma pauperis motion, ECF No. 2.  Because Plaintiff's in forma pauperis motion was insufficient as filed, Plaintiff was required to submit an amended motion.  ECF No. 5.  Plaintiff has complied, ECF No. 6, and his amended in forma pauperis motion has been granted in a separate Order entered this day.  It is now appropriate to review the complaint, ECF No. 1, along with Plaintiff's notice of litigation history.  ECF No. 3.

First, Plaintiff has stated in his complaint that he has filed the following prior federal cases: (1) case number 3:18cv1322-LAC-EMT; (2) case number 4:19cv538-WS-CAS; and (3) case number 4:17cv243-WS. ECF No. 1 at 3-5. Plaintiff said that case number 4:17cv243-WS had been dismissed. as malicious. *Id.* at 4.

Plaintiff also submitted another page in which he indicated he was providing his litigation history. ECF No. 3. There, Plaintiff indicated that he has also filed these additional cases: (1) case number 3:11cv566; (2) case number 3:17cv620; (3) case number 3:19cv805 (4) case number 5:11cv448; and (5) case number 4:17cv261-RH-CAS. ECF No. 3 at 1.

Plaintiff incorrectly identified case number 4:17cv243 as having been dismissed as malicious. However, case number 3:18cv287 was the case which was dismissed as malicious. Case number 4:17cv243 was transferred to the Middle District as Florida, becoming case number 3:17cv620, which was dismissed without prejudice for failure to prosecute. Similarly, case number 5:11cv448 was dismissed for failure to prosecute. Finally, case number 3:11cv566 was dismissed without prejudice and Plaintiff directed to re-file his case on the proper form used in the Middle

District of Florida.  Although Plaintiff has not provided correct information about the status of his cases, it otherwise appears that Plaintiff has disclosed his prior litigation history.[1]

Plaintiff's complaint has been reviewed to determine if it sufficiently states a claim such that service should be directed.  ECF No. 1.  Plaintiff has generally claimed that on November 26, 2019, he was required to eat dinner from a food tray that contained mold and mildew.  *Id.* at 5.  Plaintiff contends that the "nasty" tray is how he was exposed to Hepatitis-B, and that Warden Coker forced him to eat his food off that tray.  *Id.*  Plaintiff claims that in doing so, Defendant Coker put his life in danger.  *Id.*

First, because this case was filed on December 13, 2019, it does not appear that there was sufficient time for Plaintiff to exhaust administrative remedies prior to initiating this case.  The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies prior to initiating a civil rights case in federal court.  42 U.S.C. § 1997e(a).  The exhaustion

---

[1] Notably, an order was entered in case number 3:19cv805-MMH-PDB which provided Plaintiff with his case history, including dismissal dates and reason for dismissal.  In the future, Plaintiff should use that order and this order to honestly disclose his history, including dates and reasons for dismissal, as requested on federal court complaint forms.  For Plaintiff's benefit, he is advised that case numbers 4:17cv261 and 3:12cv200 were both dismissed based on Plaintiff's filing of a notice of voluntary dismissal.

Case No. 4:19cv602-WS-CAS

requirement of § 1997e(a) is a mandatory, pre-condition to suit and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Porter v. Nussle, 534 U.S. 516, 524–25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) .

Although exhaustion is an affirmative defense and prisoners are not required to plead exhaustion, when it is apparent from the face of a complaint that the plaintiff failed to complete the grievance process prior to case initiation, dismissal of the case is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B). Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted"). Here, the incident at issue in this case occurred on November 26, 2019. Plaintiff signed his complaint on December 2, 2019, and then gave it to prison officials to mail

for him on December 10, 2019.  ECF No. 1 at 7.  It is highly unlikely that Plaintiff could have exhausted all three levels of the grievance procedure in that short amount of time.  Thus, Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.

Moreover, Plaintiff's complaint states that he was served a dirty food tray, but he alleged that this incident occurred just one time.  Such an isolated incidence of this type is not a constitutional violation.

The Eighth Amendment[2] governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  The Constitution does not require that prisons be comfortable, but it does prohibits inhumane conditions of confinement.  *Id.* The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)

---

[2] "In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation." Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010).  This case raises both a claim to the conditions of confinement and an excessive force claim, but not a deliberate indifference to medical needs claim.

(quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr.l Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)). "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required . . . ." Thomas v. Bryant  614 F.3d 1288, 1304, 1306-07 (11th Cir. 2010) (concluding that non-spontaneous use of chemical agents on inmates with mental illness violated the Eighth Amendment) (citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

As alleged, Plaintiff has not demonstrated that he suffered "extreme deprivations." Plaintiff indicates that sanitation was not as it should be, but a one time event, or even sporadic incidences, of being served a dirty food tray are not sufficient to present a viable Eighth Amendment claim. This issue does not rise to the level of an extreme condition and there is no need to permit Plaintiff to submit an amended complaint to clarify his claim in light of the fact that it does not appear that Plaintiff's claim is exhausted.

Case No. 4:19cv602-WS-CAS

Furthermore, Plaintiff's complaint is insufficient because he provided no factual allegations showing involvement by Defendants Hand or Inch. Those Defendants cannot be held responsible for the actions of other persons, and it is far from clear that a prison official is responsible for failing to properly clean a food tray. In general, inmates prepare the food and are responsible for washing food trays in prison. For all these reasons, this case should be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 21, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.